UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES MORANT,

                                                Plaintiff,                  **ANSWER TO COMPLAINT**

- against -                                                   07 Civ. 4790 (JSR)

THE NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, BELLEVUE
HOSPITAL CENTRE, JAMES DONNELLY,
Director of the Department of Chemistry @ New
York City Health and Hospitals Corporation
Bellevue Hospital Centre, DOCTOR ROBERT
BOORSTEIN, Director of Pathology @ the New
York City Health and Hospitals Corporation
Bellevue Hospital Centre, each in their individual
and official capacities,

                                              Defendants.

------------------------------------------------------------------x

        Defendants by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint.

        6.      Deny the allegations set forth in paragraph "6" of the Complaint.

        7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to proceed as set forth in that paragraph.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff received a Right to Sue Letter from the Equal Employment Opportunity Commission ('EEOC").

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that the EEOC sent plaintiff a Right to Sue Letter dated May 9, 2007.

13. Deny the allegations set forth in paragraph "13" of the Complaint except admit that the Right to Sue Letter is dated May 9, 2007 and that this action was commenced on or about June 5, 2007.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in that paragraph.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint and respectfully refer the Court to Chapter 1016 of the laws of 1969, Section 7281, et seq., of the Unconsolidated laws of the State of New York for an accurate statement of such Chapter.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that one of the facilities operated by the New York City Health and Hospitals Corporation is the Bellevue Hospital Center.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that James Donnelly is a white individual.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Robert Boorstein is a white individual and is the Director of Pathology at the New York City Health and Hospitals Corporation Bellevue Hospital Center and that Dr. Connolly reported to Dr. Boorstein.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Admit the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff was employed by Columbia University and worked at Harlem Hospital and that he has been promoted to supervisory capacities and is presently a manager.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that after his initial employment at Harlem Hospital the plaintiff was promoted to supervisor of the Toxicology Department at Harlem Hospital and that thereafter plaintiff was promoted to the position of the manager of core labs at the Harlem Hospital facility including among others the chemistry, toxicology, hematology, coagulation, blood gases, and urinalysis laboratories.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Admit the allegations set forth in paragraph "38" of the Complaint.

39. Admit the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that the Bellevue Hospital Center Chemistry Department in which plaintiff was employed in 1984 operates among other things a clinical laboratory which provides support services for the Bellevue Hospital Center Emergency Room, its Intensive Care Unit, its Wards and its Clinics.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that the Bellevue Hospital Center Chemistry Department's clinical operation provides, among other things, reference laboratory services for other of the New York City Health and Hospitals Corporation facilities, to wit: Lincoln Hospital, Metropolitan Hospital, Harlem Hospital, Gouverner Hospital, and Goldwater Hospital.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that Bellevue Hospital secured a license to operate its clinical toxicology laboratory.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff was promoted from the position of Assistant Chemist to the position of Associate Chemist, Level II.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that Dr. Pearson was the Director of Pathology at the Bellevue Hospital Center.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that plaintiff was appointed to the position of Associate Chemist, Level II to Associate Chemist Level III.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Doctor James Donnelly gave plaintiff a letter dated May 12, 2006 and respectfully refer the Court to such letter for the full and accurate text and content thereof.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68 of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint and further deny knowledge or information sufficient to form a belief as to whether plaintiff is a member of Local 375 of the Civil Service Technical Guild except admit that a meeting was held on May 23, 2007 at which plaintiff, Dr. Donnelly, Robert Barclay, Senior Associate Director of Pathology, Scott Fuller, Associate Director of Pathology and George Lawrence, a representative of Local 375 of the Civil Service Technical Guild, were present.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Ms. Vernon was the manager of the New York City Health and Hospitals Corporation Bellevue Hospital Medical Center Department of Chemistry.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Ms. Vernon had been functioning as a supervisor in the Chemistry Department when Defendant Donnelly became the director of the Department.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except admit that on June 1, 2006 the plaintiff requested a leave of absence from June 9, 2006 through July 9, 2006.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint, except admit that plaintiff's request was denied.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit that on June 29, 2006 Arthur B. Simmons, Labor Relations Officer of the Bellevue Hospital Medical Center Office of Labor Relations wrote a letter to George Lawrence of DC 37-Local 375 and respectfully refer the Court to such letter for the full and accurate text and content thereof.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint, except deny knowledge or information sufficient to form a belief concerning the allegations as to what plaintiff believes.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint, except deny knowledge or information sufficient to form a belief concerning the allegations as to what plaintiff believes.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. In response to the allegations set forth in paragraph "114" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"113" of the complaint with the same force and effect as if fully set forth herein.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. In response to the allegations set forth in paragraph "117" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"116" of the complaint with the same force and effect as if fully set forth herein.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. In response to the allegations set forth in paragraph "120" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"119" of the complaint with the same force and effect as if fully set forth herein.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. In response to the allegations set forth in paragraph "123" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"122" of the complaint with the same force and effect as if fully set forth herein.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. In response to the allegations set forth in paragraph "126" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"125" of the complaint with the same force and effect as if fully set forth herein.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. In response to the allegations set forth in paragraph "129" of the Complaint, defendants repeat and reallege their responses to paragraphs "1"-"128" of the complaint with the same force and effect as if fully set forth herein.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

### FOR A FIRST DEFENSE:

132. The Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE:

133. Any claims in the Complaint under Title VII that accrued more than 300 days prior to the filing by plaintiff of his charge of discrimination with the EEOC are time barred.

### FOR A THIRD DEFENSE:

134. This Court lacks subject matter jurisdiction over any Title VII claims contained in the Complaint which was not also contained in the charge of discrimination filed by plaintiff.

### FOR A FOURTH DEFENSE:

135. This Court lacks subject matter jurisdiction over any ADEA claims contained in the Complaint which was not also contained in the charge of discrimination filed by plaintiff.

## AS AND FOR A FIFTH DEFENSE:

136. Defendants have not violated any rights, privileges or immunities secured to plaintiffs under the Constitution or laws of the United States, the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

## AS AND FOR A SIXTH DEFENSE:

137. All of defendants employment decisions and actions concerning the plaintiff were based on legitimate, non discriminatory business considerations.

## AS AND FOR A SEVENTH DEFENSE:

138. The conduct of the defendants were at all times lawful, proper and carried out in conformity with the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York and HHC.

## AS AND FOR AN EIGHTH DEFENSE:

139. The individual defendants James Donnelly and Robert Boorstein are immune from a section 1983 suit under the doctrine of qualified immunity.

## AS AND FOR A NINTH DEFENSE:

140. The injuries, if any, alleged to be sustained by plaintiff on the occasions mentioned in the Complaint, were wholly, or in part, caused by the culpable conduct of plaintiff.

**WHEREFORE**, defendants respectfully request judgment dismissing the Complaint together with such other relief as the Court deems just and proper.

Dated: New York, New York
      August 8, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street
                        Room 2-171
                        New York, New York 10007
                        (212) 788-0897

                    By: _____
                        ISAAC KLEPFISH (IK 3478)
                        Assistant Corporation Counsel

07 Civ. 4790 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MORANT,

Plaintiff,

- against -

THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, BELLEVUE HOSPITAL CENTRE, JAMES DONNELLY, Director of the Department of Chemistry @ New York City Health and Hospitals Corporation Bellevue Hospital Centre, DOCTOR ROBERT BOORSTEIN, Director of Pathology @ the New York City Health and Hospitals Corporation Bellevue Hospital Centre, each in their individual and official capacities,

Defendants.

## ANSWER TO COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street*
  *New York, N.Y. 10007*

  *Of Counsel: Isaac Klepfish*
  *Tel: (212) 788-0897*
  *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................., 199 ...*

*............................................................ Esq.*

*Attorney for ............................................*